

**SACK** IP Law p.c.

**Alan M. Sack**

| | |
|---|---|
| **445 Park Avenue** | **6800 Jericho Tpk.** |
| **9th Floor** | **Suite 120W** |
| **NY, NY 10022** | **Syosset, NY 11791** |

 **(516) 393-5960 - LI**
 **(212) 500-1310 - NYC**
Email: Alan.Sack@SACK-IP.com

September 1, 2023

**VIA ECF and E-Mail to:** Failla_NYSDChambers@nysd.uscourts.gov

Hon. Katherine Polk Failla,
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Rm 2103
New York, NY 10007

Re:  Defendant's Letter in Response to Plaintiff's Supplemental Letter
**Sunshine Enclosures v. Final Bell Corp., 1:23-cv-04692-KPF**

Dear Judge Failla,

We represent the defendant Final Bell Corp. ("Defendant" or "Final Bell") in this case. We are writing in response to Plaintiff's supplemental letter regarding this Court's ability to transfer this case *sua sponte*.

In response to Defendant's motion to dismiss for lack of personal jurisdiction, Plaintiff moved pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Central District of California in its supplemental letter. However, beyond a mere assertion of disagreement with Defendant's statements, Plaintiff fails to present any substantive basis establishing personal jurisdiction over Defendant within this Court's jurisdiction. While Plaintiff invokes 28 U.S.C. § 1404(a) to support the possibility of a *sua sponte* transfer, it does not provide any "compelling reasons" for transfer in this case. Defendant strongly opposes Plaintiff's request to transfer, asserting that this lawsuit is frivolous and the Court should not "waste judicial resources by transferring a case that is clearly doomed." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005) (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). In addition, in light of the defects in the Complaint that cannot not be cured by amending the Complaint since the claims against Defendant fail on their merits, Defendant respectfully asks this Court to dismiss the case with prejudice in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**The Transfer of "A Sure Loser" Case to Another District Is Not in the Interest of Justice**-
Instead of countering Plaintiff's motion to dismiss for lack of personal jurisdiction, Defendant has shifted its focus to challenging the chosen venue for the case. Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, **in the interest of justice**, a district court may transfer any civil action to any other

Hon. Katherine Polk Failla,  September 1, 2023
United States District Judge
_____

district or division where it might have been brought or to any district or division to which all parties have consented." (Emphasis added). As your Honor aptly determined, "Thus pursuant to either statute, a court may only transfer an action when the transfer would be *in the interest of justice*." (emphasis added) *Corley v. Vance*, 15 CIV. 1800 (KPF), 2019 WL 3841939, at *5 (S.D.N.Y. Aug. 15, 2019) (Not published in F.Supp.3d).

"Conversely, a court 'may, in the interest of justice, decide not to transfer if it concludes that the case is a 'sure loser' on the merits.' " *Id* at *6 (citing *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006)). "Whether or not the suit has any possible merit bears significantly on whether the court should transfer, and if it does not, the court should not waste the time of another court by transferring it." *Id*. (internal quotations and citations omitted).

**Plaintiff's Patent Infringement Claim Against Defendant Fails on the Merits**-Even though the Court lacks jurisdiction over Defendant, it still can address the merits of Plaintiff's Complaint. *Corley* at *6. Whether two designs are plainly dissimilar is appropriate for determination on a motion to dismiss under Rule 12(b)(6), where no reasonable fact finder could find infringement. *See Silverman v. Attilio Giusti Leombruni S.P.A.*, 2016 U.S. Dist. LEXIS 20775 (S.D.N.Y. Feb. 19, 2016) (the court found on a motion to dismiss that the "patented and accused designs are 'plainly dissimilar' such that an ordinary consumer would not be induced into 'purchas[ing] one supposing it to be the other'")

To determine whether an accused product infringes a patented design the court applies the "ordinary observer test," that is, whether "an ordinary observer, familiar with the prior art, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (*citing Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008)). Contrary to Plaintiff's assertion in its supplemental letter, comparison of the claimed design to the prior art "is not a test for determining validity, but is designed solely as a test of infringement." *Egyptian Goddess,* 543 F.3d at 678.

The threshold question is whether, "without review of the prior art, the claimed and accused designs are sufficiently similar and, if so, the next level entailing a comparison to the prior art." *Great Neck Saw Mfrs., Inc. v. Star Asia U.S.A., LLC*, 727 F. Supp. 2d 1038, 1051-52 (W.D. Wash. 2010); *see also Performance Designed Prods. LLC v. Mad Catz, Inc.*, 2016 WL 3552063, at *6 (S.D. Cal. 2016) (the district court dismissed the claims of design infringement on Rule 12(b)(6) motions in applying the two tiered analysis); *Anderson v. Kimberly-Clark Corp.*, 570 Fed.Appx. 927, 933-34 (Fed. Cir. 2014) (affirming district court's granting defendant's motion for judgment on the pleadings and reviewing the two tiered analysis of the district court); *Wing Shing Prods. (BVI) Co. Ltd. v. Sunbeam Prods*., Inc., 665 F. Supp. 2d 357, 365 (S.D.N.Y. 2009) (two level infringement analysis involves "a level-one or 'threshold' analysis to determine if comparison to the prior art is even necessary, and a second level analysis that accounts for prior art in less obvious cases."). In conducting its analysis, the court conducts a side-by side visual comparison. *See Crocs*, 598 F.3d at 1306-07; *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., 796 F.3d 1312, 1335 (Fed. Cir. 2015).

(1) Side-by-Side Comparison-As a starting point, a notable difference between the two designs, as shown in the Complaint (Doc. 1) at para 44, is that the Accused Product has semi-circular cutouts that span the entire narrow sides, whereas in the '604 Design Patent, claims parabolic cutouts that only extends across a central part of the narrow sides. In addition, the claimed design features square apertures and the accused product includes round apertures, disposed at roughly the same locations on the narrow sides of the outer sleeve as the square apertures shown in Fig. 9 of the '604 Design Patent. It would be clear to the ordinary observer that the two designs are "plainly dissimilar." *See Egyptian Goddess*, 543 F.3d at 678.

Hon. Katherine Polk Failla, September 1, 2023
United States District Judge
_____

(2) Prior Art Comparisons-"The second step requires that the patentee establish that an ordinary observer, familiar with the prior art designs, would be deceived into believing the accused product is the same as the patented product." *Seirus Innovative Accessories, Inc. v. Cabela's Inc*., 827 F. Supp. 2d 1150, 1155 (S.D. Cal. 2011) (*citing Egyptian Goddess*, 543 F.3d at 672). "Strong similarities between the accused design and the prior art are an indication of non-infringement." *Performance Designed Prods. LLC v. Mad Catz, Inc.*, 2016 WL 3552063 at *6 (S.D. Cal. 2016) (*quoting Wing Shing Prods*., 665 F. Supp. 2d at 368).

Significantly, the Accused Product was fully disclosed within the prior art, in US Patent 11,345,507 ('507 Patent), which is attached as Exhibit 1. A preferred embodiment is depicted in Fig. 7, which shows a slide box cover having a semicircular cutouts 4A at the open end of each narrow side, and round apertures 5A disposed at the opposite ends.  The same cover configuration is also disclosed by Fig. 11. The '507 Patent limits the scope of the '604 Design Patent, such that the '604 Design Patent cannot be expanded to cover the product configuration disclosed by the '507 Patent. The question before the Court is whether an ordinary observer, *familiar with the prior art* '507 Patent would be deceived into believing that the Accused Product is the same as the '604 Design Patent. An ordinary observer would discern that the Accused Product practices the design depicted in the prior patent, consequently precluding any finding of infringement of the '604 Design Patent. *See Egyptian Goddess*, 643 F.3d at 676.

**The Court Should Dismiss the Case Rather than Transfer**- "As Judge Posner observed in *Phillips*, a court's limited jurisdiction to decide whether to transfer or dismiss a case over which it lacks jurisdiction thus includes a power of limited review of the merits." *Daniel, v* 428 F.3d at 436 (citing *Phillips*, 173 F.3d at 611). "If a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction over it, then the court in which it is initially filed – the court that does not have jurisdiction – should dismiss the case rather than waste the time of another court." *Id.* As stated above, Plaintiff's claims against Defendant are unlikely to succeed. Therefore, Plaintiff's request to transfer should be denied.

In cases involving similar issues, district courts have granted motions to dismiss design patent infringement claims based on the ordinary observer test. *See, e.g., Silverman,* 2016 U.S. Dist. LEXIS 20775 (S.D.N.Y. Feb. 19, 2016); *Parker v. Kimberly-Clark Corp*., 2012 U.S. Dist. LEXIS 2565 (N.D. Ill. Jan. 10, 2012); *MSA Prods. v. Nifty Home Prods*., 883 F. Supp. 2d 535 (D.N.J. 2012); *Performance Designed Prods. LLC,* 2016 WL 3552063 (S.D. Cal. 2016); *Anderson,* 570 F. App'x 927 (Fed. Cir. 2014); *Colida v. Nokia, Inc*., 347 Fed.Appx. 568, 570 (Fed. Cir. 2009). In addition, district courts have also granted motions to dismiss based on non-infringement of a design patent. *See Silverman v. Leombruni*, 15 Civ. 2260 (PAC), 2016 WL 715735, at *2-3 (S.D.N.Y. Feb. 19, 2016); *Legler v. Exxel Outdoors, Inc*., 2014 WL 3727566, *2-5 (E.D. Wis. July 29, 2014); *MSA Products, Inc. v. Nifty Home Products, Inc*., 2012 WL 2132464, *3-4 (D.N.J. June 12, 2012) ("Although generally correct that infringement is usually a question of fact, MSA is wrong that the Court cannot determine infringement as a matter of law at the motion to dismiss stage. While not necessarily common, many courts have dismissed claims of design infringement on Rule 12(b)(6) motions where, as a matter of law, the court finds that no reasonable fact-finder could find infringement.").

Accordingly, the Court should find that the Accused Product, which is disclosed by the '507 patent, and the '604 Design Patent are plainly dissimilar, and as a matter of law, grant Defendant's Rule 12(b)(6) motion to dismiss.

Respectfully submitted,

Alan

Alan M. Sack