UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUNSHINE ENCLOSURES LLC,

                Plaintiff,

        -v.-

FINAL BELL CORP,

                Defendant.

23 Civ. 4692 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On July 7, 2023, in accordance with the Court's Individual Rules, Defendant Final Bell Corp filed a letter on the docket of the above-captioned action requesting a pre-motion conference in anticipation of filing a motion to dismiss the complaint. (Dkt. #12 at 1). In that letter, Defendant urged the Court to permit Defendant to file a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (*Id.*).

    Specifically, Defendant argued, because this Court has neither general nor specific personal jurisdiction over it the Court should dismiss the complaint on Rule 12(b)(2) grounds. (Dkt. #12 at 2 (citing *Daimler AG* v. *Bauman*, 571 U.S. 117, 126–27 (2014))). Further, because the Complaint fails to "state a claim to relief that is plausible on its face," the Court ought to dismiss the complaint on Rule 12(b)(6) grounds. (*Id.* (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 570 (2007))))).

    During the August 18, 2023 Pre-Motion Conference that followed Defendant's letter, this Court made it clear to Defendant that, in most cases,

the Court is obligated to consider dismissal on Rule 12(b)(2) grounds — *i.e.*, on jurisdictional grounds — before considering dismissal on Rule 12(b)(6) grounds. (August 18, 2023 Minute Entry).

Not long after, on August 25, 2023, Plaintiff Sunshine Enclosures LLC filed a letter on the docket asking the Court to *sua sponte* transfer this case to the Central District of California — "where Defendant asserts jurisdiction is proper and admits that such is its principal place of business" — pursuant to 28 U.S.C. § 1404(a). (Dkt. #15 at 1). According to Plaintiff, Plaintiff has expressed to Defendant on multiple occasions its willingness to litigate this case in the Central District of California. (*Id.*).

Defendant now urges the Court, instead of transferring this case to an alternative court with proper jurisdiction, to simply dismiss the case with prejudice in accordance with Rule 12(b)(6): "[T]he Court should not 'waste judicial resources by transferring a case that is clearly doomed.'" (Dkt. #18 at 1 (quoting *Daniel* v. *Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005) (citing *Phillips* v. *Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)))).

The Court has reviewed each of the parties' submissions and has considered their arguments with respect to the dismissal of this case on Rule 12(b)(2) and Rule 12(b)(6) grounds. On the basis of Plaintiff's Complaint (Dkt. #1) — which alleges similarities between Defendant's packaging and Plaintiff's patented tray-and-sleeve design — and the remainder of the parties' submissions, the Court cannot conclude that Plaintiff's claims "unquestionably lack[] merit" and as such that dismissal would be preferable

to transfer in this case. *Deskovic* v. *City of Peekskill*, 673 F. Supp. 2d 154, 172–73 (S.D.N.Y. 2009) (quoting *Yanouskiy* v. *Eldorado Logistices Sys., Inc.*, No. 05 Civ. 2202 (ENV), 2006 WL 3050871, at *7 (E.D.N.Y. Oct. 20, 2006)).

Further, the Court finds that the transfer of this case to the United States District Court for the Central District of California is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer to another district is appropriate, courts generally consider the following non-exhaustive list of factors, including:

> [i] the convenience of witnesses, [ii] the convenience of the parties, [iii] the locus of operative facts, [iv] the availability of process to compel the attendance of unwilling witnesses, [v] the location of relevant documents and the relative ease of access to sources of proof, [vi] the relative means of the parties, [vii] the forum's familiarity with the governing law, [viii] the weight accorded the plaintiff's choice of forum, and [ix] trial efficiency; and the interest of justice, based on the totality of the circumstances.

*Dealtime.com Ltd.* v. *McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000). At the same time, "[t]here is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc.* v. *City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

Here, Defendant identified the Central District of California as "its principal place of business" and asserted that it is "only authorized and licensed to offer its services in the state of California." (Dkt. #12 at 1). For these reasons, the Central District of California is, *inter alia*, convenient for potential witnesses ("most witnesses likely being Defendant's employees" (Dkt. #15 at 2)); the "locus of operative facts" ("many of the actions giving rise to infringement were likely

3

centered in California" (*id.*)); as well as "the location of relevant documents" ("most sought-after documents are in Defendant's possession" (*id.*)).

Accordingly, the Court GRANTS Plaintiff's request and transfers this case the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a). *See Bank of Am., N.A.* v. *Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento* v. *Pearl Arts & Craft Supply Inc.*, No. 03 Civ. 2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))). The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California.

SO ORDERED.

Dated: September 12, 2023
New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge